IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota Company, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No.: ) |
| BERMAN'S AUTO GROUP, INC. an Illinois Corporation, and STEVEN STROUD, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Federated Mutual Insurance Company ("Federated"), by and through its counsel of record, and for its Complaint against Defendants Berman's Auto Group, Inc. ("Berman") and Steven Stroud, individually and on behalf of all others similarly situated ("Stroud"), states as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Federated and Berman. Federated issued Commercial Package Policies to Berman that contain a General Liability Coverage Part and Auto Dealers Coverage Part, and Commercial Umbrella Liability Policies. In this action, Federated seeks a declaration that it has no duty to defend or indemnify Berman under the Policies in connection with the underlying putative class action suit captioned, *Stroud v. Berman's Auto Group, Inc*., filed in the Circuit Court of Cook County, Illinois, bearing Case No. 2022 CH 011691 (the "Stroud Lawsuit").

1

## PARTIES, JURISDICTION AND VENUE

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3. Plaintiff, Federated is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Owatonna, Minnesota.

4. Defendant, Berman is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois.

5. Defendant, Stroud, is a citizen of the State of Illinois. Stroud is joined in this suit as a nominal party defendant.

6. The Stroud Lawsuit for which Berman seeks a defense and indemnity is a putative class action. The primary Federated Policies have a Limit of Liability of $500,000 for Personal and Advertising Injury and $1 million in the General Aggregate. The Umbrella Policies have a $25 million Each Occurrence Limit.

7. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Federated, and Defendants Berman and Stroud, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Berman, substantially exceeds $75,000.

8. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

A. The Policies

9. Federated issued the following Commercial Package Policies to Berman:

Policy No. 9908580, effective 7/1/2017 to 7/1/2018;

Policy No. 9908580, effective 7/1/2018 to 7/1/2019;

Policy No. 9908580, effective 7/1/2019 to 7/1/2020;

Policy No. 9908580, effective 7/1/2020 to 7/1/2021;

(the "Policies"). A true and correct copy of the Policies are attached hereto as **Exhibits A-D**, respectively. The 2017-2019 Policies contain a General Liability Coverage Part. The 2017-2020 Policies contain an Auto Dealers Coverage Part that provides coverage for "personal and advertising injury" arising out of Berman's "auto dealers operations".

10. Federated also issued the following Commercial Umbrella Liability Policies to Berman:

Policy No. 9908584, effective 7/1/2017 to 7/1/2018;

Policy No. 9908584, effective 7/1/2018 to 7/1/2019;

Policy No. 9908584, effective 7/1/2019 to 7/1/2020;

Policy No, 9908584. effective 7/1/2020 to 7/1/2021;

(the "Umbrella Policies"). A true and correct copy of the Umbrella Policies are attached hereto as **Exhibits E-H**, respectively.

**B. The Stroud Lawsuit**

11. On December 1, 2022, Steven Stroud, individually and on behalf of all others similarly situated, filed a putative class action against Berman in the Circuit Court of Cook County, Illinois, bearing Case NO. 22-CH-11691 (the "Stroud Lawsuit"). A true and correct copy of the Stroud Complaint is attached hereto as **Exhibit I.** The Complaint alleges that while Plaintiff worked for Berman, it used biometric scanning to monitor and manage its workers, including Plaintiff, and required Plaintiff to provide scans of his hand/fingerprint to Berman each time Plaintiff needed to access certain areas of his work premises.

12. According to the Complaint, Berman has captured, collected, obtained, stored, disseminated, and otherwise used the biometrics of Plaintiff and other Class members, without their informed consent as required by the Illinois Biometric Information Privacy Act ("BIPA").

13. Count I alleges violation of Section 15(a) of BIPA for purportedly failing to make publicly available any written policy establishing a biometric retention and destruction schedule. Count II alleges violation of Section 15(b) and that Berman captured, collected, stored, and/or used Plaintiffs and the other Class members' biometric identifiers or biometric information without valid consent. Count III alleges violation of Section 15(d) of BIPA because without the consent of Plaintiff or the other Class members, Berman allegedly disclosed or otherwise disseminated information derived from Plaintiff's and the other Class members' hand/fingerprints, *i.e.* their biometric information to third parties.

14. The Complaint seeks injunctive relief; statutory damages of $5,000 for each willful and/or reckless violation; statutory damages of $1,000 foreach negligent violation of Section 15(d); attorneys' fees, costs, and other litigation expenses; and pre- and post-judgment interest.

15. Berman has requested coverage from Federated for the Stroud Lawsuit. Federated contends that it has no obligation to defend or indemnify Berman against the Stroud Lawsuit. Accordingly, an actual controversy exists between Federated, on the one hand, and Berman, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT

**(General Liability Coverage 2017-2019 Policies- Access or Disclosure Exclusion)**

16. Plaintiff adopts and repeats the allegations of Paragraph 1 through 15 as and for Paragraph 16, as though the same were fully set forth herein.

17. The 2017–2019 Policies contain an Endorsement titled, "Electronic Data Liability", which provides, in relevant part:

> **B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> **2. Exclusions**
> This insurance does not apply to:
> **Access Or Disclosure Of Confidential Or Personal Information**
> "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

18. The Stroud Complaint alleges Berman collected and disclosed its employee's biometric information in violation of BIPA.

19. Biometric information is personal and/or confidential information.

20. Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal information, and coverage for the Stroud Lawsuit is precluded under the 2017-2019 Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

21. The 2017-2019 Policies consequently do not actually or potentially provide coverage for the Stroud Lawsuit.

22. Accordingly, Federated has no duty to defend or indemnify Berman for the Stroud Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Berman in connection with the Stroud Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

**(General Liability Coverage 2017-2019 Policies - Employment Practices Liability Exclusion)**

23. Plaintiff adopts and repeats the allegations of Paragraph 1 through 15 as and for Paragraph 23, as though the same were fully set forth herein.

24. The Policies contain an Employment Practices Liability Exclusion, which states:

> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
> >
> > ***
>
> This exclusion applies:
> > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
> >
> > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
> >
> > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

25. The Stroud Complaint is brought by employees of Berman and alleges that Berman violated its employees' privacy in their biometric information by disclosing their biometric information collected for timekeeping purposes in violation of BIPA.

26. As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the General Liability Coverage Part in the 2017-2019 Federated Polices by reason of the Employment Practices Liability Exclusion.

27. The 2017-2019 Policies, therefore, do not actually or potentially provide coverage for the Stroud Lawsuit.

28. Accordingly, Federated has no duty to defend and indemnify Berman for the Stroud Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Berman in connection with the Stroud Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

**COUNT III– DECLARATORY JUDGMENT**

**(General Liability Coverage 2017-2019 Policies- Recording and Distribution Exclusion)**

29. Plaintiff adopts and repeats the allegations of Paragraph 1 through 15 as and for Paragraph 29, as though the same were fully set forth herein.

30. The Policies contain the following Exclusion:

This insurance does not apply to:

**Recording And Distribution Of Material Or Information In Violation Of Law**

> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
>
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
> **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

31. The Stroud Complaint alleges that Berman violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

32. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

33. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Stroud Lawsuit under the General Liability Coverage Part in the 2017-2019 Federated Policies.

34. The 2017-2019 Policies do not actually or potentially provide coverage for the Stroud Lawsuit.

35. As a result, Federated has no duty to defend or indemnify Berman against the Stroud Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Berman in connection with the Stroud Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV – DECLARATORY JUDGMENT

### (Autos Dealers Coverage Form– Recording and Distribution Exclusion)

36. Plaintiff adopts and repeats the allegations of Paragraph 1 through 15 as and for Paragraph 36, as though the same were fully set forth herein.

37. The Auto Dealers Coverage Form in the Policies contains the following Exclusion:

> This insurance does not apply to:
>
> **o. Recording And Distribution Of Material Or Information In Violation Of Law**
>
> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
>
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
> **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing,

9

        dissemination, disposal, collecting,
recording, sending, transmitting,
communicating or distribution of material or
information.

38. The Stroud Complaint alleges that Berman violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

39. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

40. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Stroud Lawsuit under the Auto Dealers Coverage Form in the Policies.

41. The Policies do not actually or potentially provide coverage for the Stroud Lawsuit.

42. As a result, Federated has no duty to defend or indemnify Berman against the Stroud Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Berman in connection with the Stroud Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V– DECLARATORY JUDGMENT

### (Autos Dealers Coverage Form– Recording and Distribution Exclusion)

43. Plaintiff adopts and repeats the allegations of Paragraph 1 through 15 as and for Paragraph 88, as though the same were fully set forth herein.

44. The Auto Dealers Coverage Form contains an Employment Practices Liability Exclusion, which states:

> This insurance does not apply to:
>
> **p. Employment-Related Practices**
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
> >
> > ***
>
> This exclusion applies:
>
> > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
> >
> > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
> >
> > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

45. The Stroud Complaint is brought by employees of Berman and alleges that Berman violated its employees' privacy in their biometric information by disclosing their biometric information collected for timekeeping purposes in violation of BIPA.

11

46. As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the Polices by reason of the Employment Practices Liability Exclusion.

47. The Auto Dealers Coverage From, therefore, does not actually or potentially provide coverage for the Stroud Lawsuit.

48. Accordingly, Federated has no duty to defend and indemnify Berman for the Stroud Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Berman in connection with the Stroud Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VI – DECLARATORY JUDGMENT
### (Umbrella Policy)

49. Plaintiff adopts and repeats the allegations of Paragraph 1 through 15 as and for Paragraph 49, as though the same were fully set forth herein.

50. The Umbrella Policies contain an Excess Coverage Part and an Additional Liabilities Coverage Part, neither of which provide coverage for the Stroud Lawsuit.

51. As a result, the Umbrella Policies do not actually or potentially provide coverage for the Stroud Lawsuit.

52. Federated, therefore, has no duty to defend or indemnify Berman for the Stroud Lawsuit under the Umbrella Policies.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Berman in connection with the Stroud Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Federated Mutual Insurance Company

By: /s/ Kelly M. Ognibene
    One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com